**LAW OFFICE OF JAMIE P. CLOUSER**
Attorneys for Plaintiffs
360 West 43rd Street, Suite S14A
New York, NY 10036
Phone: (347) 871-6702
Fax: (347) 284-6198
jamie@clouseresq.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAURA DOWGIN and CHANEL HUDSON, New Jersey consumers, individually and on behalf of all others, | : : : | |
| Plaintiffs. | : | **CLASS ACTION COMPLAINT** |
| vs. | : : | **No. 17-cv-6923** |
| EQUIFAX INC, | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## THE PARTIES

1. Equifax Inc. (hereinafter, "Equifax") is a Georgia corporation with a market cap value over $17 billion as of the date of this filing. It provides credit information services to businesses, government entities, and other customers around the world. Equifax operates through various subsidiaries including Equifax Consumer Services, LLC aka Equifax Personal Solutions aka PSOL, and Equifax Information Services, LLC. Each of these entities acted as agents of Equifax or in concert with Equifax as alleged in this complaint.

2. Maura Dowgin is an individual consumer residing in the Hoboken, New Jersey area and Chanel Hudson is an individual consumer residing in the Roselle, New Jersey area.

## JURISDICTION & VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $5 million exclusive of interests and costs. Venue is proper under 28 U.S.C. § 1391 because a substantial number of consumers in New Jersey who suffered injuries caused by Equifax's negligence and violations of New Jersey's Consumer Fraud Act reside in or near Newark, NJ.

## FACTUAL ALLEGATIONS

4. Plaintiffs file this complaint as a national class action on behalf of over 140 million consumers across the country harmed by Equifax's negligent and appalling failure to protect their sensitive personal information. This complaint demands Equifax provide fair compensation to every consumer harmed by its data breach. This complaint's allegations are based on personal knowledge as to plaintiffs' conduct and information and belief as to the acts of others.

5. Equifax collected and stored personal and credit information from Ms. Dowgin, Ms. Hudson, and the others in the proposed class - including their social security numbers, birth dates, home addresses, driver's license information, and credit card numbers.

6. This is the most sensitive information that consumers possess. Armed with this information, a thief can impersonate a consumer and obtain access to nearly every account a consumer owns, exposing them to innumerable acts of fraud.

7. Equifax represents that it provides the highest levels of security possible to protect the extremely sensitive personal information that it collects.

8. For example, Equifax has a representation on its website stating: "We encrypt the information to protect it ... when we send the information to any of the nationwide consumer credit reporting companies. We use physical, electronic, and procedural safeguards to protect your personal information."

9. In advertisements and representations to plaintiffs and members of the proposed class, Equifax falsely presented itself as a competent steward of sensitive information. Equifax concealed, suppressed, and omitted the fact that it was not a diligent custodian of consumer information, and in fact had negligently failed to protect consumer data with adequate safeguards.

10. Equifax intended for consumers to rely on its false representations and its concealment, suppression, and omission of negative truths to further its business interests.

11. Equifax owed a legal duty to consumers like Ms. Dowgin and Ms. Hudson to use reasonable care to protect their credit and personal information from unauthorized access by third parties. Equifax knew that its failure to protect Ms. Dowgin and Ms. Hudson's credit and personal information from unauthorized access would create serious risks of credit harm, identify theft, and emotional distress for decades to come.

12. Equifax failed to live up to its representations or fulfill its legal duties.

13. On September 7, 2017, Equifax announced for the first time that from May to July 2017, its database storing Ms. Dowgin, Ms. Hudson, and 140+ million other consumers' credit and personal information had been hacked by unauthorized third parties, exposing these consumers to a serious risk of credit harm, identify theft, and the emotional distress such exposure brings.

14. Unlike other data breaches, many victims are not even aware that Equifax was in possession of their sensitive information, since they never dealt with the company directly. Equifax gets much of its consumer data indirectly from credit card companies, banks, retailers, and lenders who report on the credit activity of individuals, as well as by purchasing public records.

15. Equifax negligently failed to maintain adequate technological safeguards to protect plaintiffs' sensitive information from unauthorized access. Equifax knew or should have known that failure to maintain adequate safeguards would eventually result in a massive data breach.

16. Consumers like Ms. Dowgin and Ms. Hudson should not have to bear the expense caused by Equifax's negligent failure to safeguard their credit and personal information from unauthorized persons. As a direct result of Equifax's negligence as alleged in this complaint, Ms. Dowgin has already suffered a loss of $9.99 to pay for third-party credit monitoring services she otherwise would not have purchased.

17. Plaintiffs and the proposed class are now subject to the serious and real risk that highly confidential information shared with Equifax, in reliance on Equifax's assurances of security, will be used to their detriment. Additionally, they all face the prospect of being forced to purchase credit repair and monitoring services from third parties. Because information like social security numbers are immutably tied to individuals for life, these harms will be suffered for many decades, if not permanently.

## **CLASS ALLEGATIONS**

18. Plaintiffs file this complaint as a national class action lawsuit. The New Jersey class consists of New Jersey consumers who:

    a. Had personal or credit data collected and stored by Equifax;

    b. Were subject to risk of data loss and credit harm and identity theft or compelled to purchase third-party credit monitoring services as a result of Equifax negligently having their data breached from May to July 2017, and;

    c. Were subject to such harms as a direct result of Equifax's violations of the New Jersey Consumer Fraud Act.

19. Excluded from the class are all attorneys for the class, officers and members of Equifax, including officers and members of any entity with an ownership interest in Equifax, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

20. The number of aggrieved consumers in New Jersey is estimated as being in the millions based on Equifax's estimate that its data breach affected 143 million consumers nationwide.

21. Every aggrieved New Jersey consumer suffered injuries as alleged in this complaint directly and proximately caused by Equifax's negligent failure to adequately protect its database from unauthorized access by third-party hackers.

22. Every aggrieved New Jersey consumer suffered injuries as alleged in this complaint directly and proximately caused by Equifax's violations of the New Jersey Consumer Fraud Act.

23. The class is so numerous that joinder is impracticable. Upon information and belief, the New Jersey class alone includes millions of consumers based on Equifax's estimate that its data breach affected 143 million consumers nationwide.

24. Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether plaintiffs and the New Jersey class members are entitled to equitable relief, whether Equifax acted negligently, whether Equifax violated New Jersey's Consumer Fraud Act, and whether plaintiffs and the New Jersey class members are entitled to recover money damages and/or other relief.

25. Plaintiffs' claims are typical of the claims of the New Jersey class because each suffered risk of monetary loss, emotional distress, credit harm, and identity theft caused by Equifax's negligent failure to safeguard their data. The injuries suffered by plaintiffs and the New Jersey class members are identical (i.e. the costs to monitor and repair their credit through third-party services potentially for decades), and plaintiffs' claims for relief are based upon the same legal theories as are the claims of the other class members. Plaintiffs will fairly and adequately represent the interests of the class because their claims are typical of the claims of the New Jersey class, they are represented by competent attorneys who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the New Jersey class.

26. A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members. As far as plaintiffs know, no class action that purports to include New Jersey consumers suffering the same injury has been commenced in New Jersey. Individual class members have little interest in controlling the litigation, due to the

relatively small amounts of monetary damages, the high cost of actions, and because plaintiffs and their attorneys will vigorously pursue the claims.

27. The forum is desirable because a substantial number of consumers in New Jersey who suffered injury caused by Equifax's negligence and violations of the New Jersey Consumer Fraud Act reside in or near Newark, NJ.

28. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages as a result of the misconduct by Equifax. Class members, however, have aggregate claims for relief that are significant in scope relative to the expense of litigation.

29. The availability of Equifax's consumer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

## PLAINTIFFS' AND NEW JERSEY CLASS CLAIMS FOR RELIEF

### - CLAIM I -
### COMMON LAW NEGLIGENCE

30. As alleged in this complaint, Equifax undertook care of credit and personal information belonging to plaintiffs and the proposed class, then breached its legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the credit data collection industry, directly and proximately causing foreseeable risk of data loss, credit harm, identity theft, associated emotional distress, and other economic losses, in amounts to be decided by a jury.

31. Plaintiffs and the New Jersey class are entitled to equitable relief in the form of an accounting of exactly how their credit and personal information was accessed without authorization by third parties, restitution, and an order to preserve all documents and

information (including electronically stored information) pertaining to this case.

## - CLAIM II -
## VIOLATIONS OF NEW JERSEY'S CONSUMER FRAUD ACT

32. Plaintiffs, on behalf of themselves and the members of the proposed class, restate all prior allegations as though fully pled here.

33. As described, supra, Equifax has engaged in making false representations and concealing, suppressing, and omitting material facts from plaintiffs and the proposed class in violation of N.J. Stat. § 56:8-2 (Consumer Fraud Act) by falsely representing that it was a competent steward of consumer information.

34. Equifax's unlawful practices in violation of N.J. Stat. § 56:8-2 have caused Plaintiffs and members of the proposed class to suffer ascertainable losses in the amount of the cost of third party credit monitoring services for decades into the future.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs and the proposed New Jersey class, seek the following relief:

(a) An order to preserve all documents and information (including electronically stored information) pertaining to this case,

(b) an order certifying this matter as a class action,

(c) judgment against Equifax for fair compensation in an amount to be decided by the jury,

(d) costs, judgement interest, and attorneys' fees as authorized by law, and,

(e) any other relief the Court deems appropriate, equitable, and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

## L.CIV.R.11.2 CERTIFICATION REGARDING OTHER ACTIONS

I certify that to the best of my knowledge, the matter in controversy is the subject of an action in the District of Oregon, Portland Division (Case No. 3:17-cv-1405), as well as an action in the Eastern District of New York (Case No. 17-cv-5280). In light of the enormous and geographically diverse set of victims, other actions are likely being contemplated if they have not been filed already. I further certify that I am aware of no other parties who should be joined in this matter.

By: */S Jamie P. Clouser*

JAMIE P. CLOUSER
jamie@clouseresq.com
*Attorney for Plaintiffs*

Dated: September 10, 2017